Filed 12/16/25  P. v. Serrano CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085240 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS319906) |
| JOSE ANGEL SERRANO, | |
| Defendant and Appellant. | |

APPEAL from an order after judgment of the Superior Court of San Diego County, Enrique E. Camarena, Judge.  Affirmed.

Jose Angel Serrano, in pro per.; and Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Jose Angel Serrano appeals from the denial of his postconviction petition seeking resentencing.  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and Serrano filed a supplemental brief.  We have reviewed the issues raised in Serrano's

supplemental brief and independently reviewed the record. We find no reasonably arguable appellate issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.   *Plea, Sentencing, and Initial Appeal*

In November 2021, the district attorney charged Serrano with sodomy by use of force (Pen. Code,[1] § 286, subd. (c)(2)(A); count 1); two counts of forcible oral copulation (§ 287, subd. (c)(2)(A); counts 2 & 3); oral copulation of an unconscious person (§ 287, subd. (f); count 4); two counts of sexual penetration by use of force (§ 289, subd. (a)(1)(A); counts 5 & 6); sexual penetration of unconscious victim (§ 289, subd. (d); count 7); forcible rape (§ 261, subd. (a)(2); count 8); rape of an unconscious person (§ 261, subd. (a)(4); count 9.) The complaint also alleged that the victim was a minor 14 years and older (§ 286, subd. (c)(2)(C); count 1; § 287, subd. (c)(2)(C); counts 2–4; § 289, subd. (a)(1)(C); counts 5–7.) Counts 4, 7, and 9 included an enhancement that Serrano administered a controlled substance to the victim (§ 12022.75, subd. (b)(1).)

In August 2022, Serrano pleaded guilty to counts 2, 3, 5, and 8. For counts 2, 3, and 5, Serrano admitted the enhancement regarding the victim's age. For all counts, he admitted: (1) to the aggravating factor under California Rules of Court, rule 4.421(a)(3) that the victim was particularly vulnerable; (2) that the four counts were separate and different acts with the same victim for the purposes of section 667.6, subdivision (d); and (3) to the factual basis of the charges.

The court accepted the plea and dismissed the balance of the charges. As part of the plea, the court agreed to strike the punishment on any

---

[1]   All statutory references are to the Penal Code unless otherwise indicated.

enhancements. The court explained to Serrano that the admitted aggravating factor of the victim being vulnerable (as opposed to the separate enhancements for the victim's age) would mean the court could consider the upper terms in sentencing. It also advised that in exchange for the plea and admissions, he was agreeing to a range of 20 to 32 years. The court scheduled the sentencing hearing on a date requested by defense counsel to allow the attorney time to prepare a sentencing mitigation brief.

Before the court could sentence Serrano, he asked to withdraw his plea. The court found that Serrano failed to meet his burden to withdraw his plea and denied the motion. The court sentenced Serrano to the upper term for each count, totaling 32 years of prison. The trial court found it did not have the discretion to give Serrano credit for the time already served.

Serrano appealed the trial court denying his motion to withdraw his plea and refusing to award presentence custody credits. (*People v. Serrano* (May 17, 2024, D082075) [nonpub. opn.].)[2] In this initial appeal, we affirmed the denial of the motion to withdraw the guilty plea, affirmed the judgment of conviction, but remanded for the issue of custody credits. (*Ibid.*)

B.    *Petition for Resentencing Upon Remand*

After the remand, defense counsel filed a "re-sentencing memorandum." It provided circumstances in mitigation and argued that Serrano's stipulation to the aggravating factor was insufficient to allow for the imposition of the upper term for each count.

The court declined to consider modifying Serrano's sentence because this court's remand did not include direction to resentence Serrano. The court simply corrected the credits.

---

[2]    On our own motion, we take judicial notice of our records in case No. D082075.

Serrano now appeals the trial court's denial of the resentencing request.

DISCUSSION

Serrano's appellate counsel filed a brief raising no issues and requesting that we proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216.[3]

Serrano submitted a supplemental brief contending that he should be fully resentenced. He argues that Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) affected section 1170 so that his sentencing must conform to section 654, as clarified by *People v. Dorado* (2024) 105 Cal.App.5th 717. He posits the new changes require the court to use the low term as a presumptive term. Serrano's contentions in his supplemental brief have no merit for the reasons we will discuss below.

Serrano is mistaken about when section 1170 was modified in the manner he claims. Senate Bill 567 was already in place by the time Serrano was sentenced in April 2023.[4] Effective January 1, 2022, the legislature amended section 1170, subdivision (b) so that the trial court "shall" impose a sentence not to exceed the *middle* term, except as otherwise provided. (Stats. 2021, ch. 731, § 1.3; *People v. Lynch* (2024) 16 Cal.5th 730, 742.) Serrano misstates the law where he claims the court is to presumptively impose the lower term. Also, the trial court was authorized to select the

---

3    *Delgadillo* merely requires that we "evaluate *the specific arguments* presented in [appellant's supplemental] brief." (14 Cal.5th at p. 232, italics added.) However, we have the discretion to conduct an independent review of the entire record. (*Ibid.*) Here, we exercised our discretion and reviewed the entire record for arguable issues.

4    Since Senate Bill 567, the legislature made minor amendments to section 1170, none of which affect this case. (See e.g. Stats. 2022, ch. 744, § 1; Stats. 2023, ch. 131, § 155; Stats. 2023, ch. 560, § 2.5.)

4

upper term because Serrano admitted to the aggravating factor of the victim being particularly vulnerable.  (See § 1170, subd. (b)(1) & (2) [court "may" impose the upper term only if there were justifiable circumstances in aggravation and the facts underlying those circumstances had been stipulated to by the defendant].)

Section 1170 permits two bases for resentencing, and neither applies. Serrano was not under 18 at the time he committed the offense (see § 1170, subd. (d)(1)(A)), nor has he shown he qualifies for the type of medical incapacity required by section 1172.2, subdivision (b)(1) or (2).  (See § 1170, subd. (e).)  Furthermore, the trial court did not err by declining to resentence Serrano at a hearing meant to solely address credit for time served.  (See *People v. Gonzalez* (2025) 108 Cal.App.5th 741, 748–749, 751 [trial court's correction of custody credits does not affect the rest of the sentence].)

Serrano cites to *People v. Dorado, supra*, 105 Cal.App.5th 717 to support his position.  In *Dorado*, we held that the trial court erred when it relied on the same underlying fact to impose the upper term for multiple counts.  (*Id.* at p. 737.)  Here, Serrano admitted to an aggravating factor that could be used to impose the upper term for each count.  The court correctly advised him the aggravating factor he admitted could be used to impose the upper term for each count.  (See § 1170, subd. (b).)  *Dorado* is not applicable.

In his supplemental brief, Serrano also makes lengthy, unsworn statements about the factual basis of the charges to which he pled guilty. These details are not relevant to the question before us, and proffered facts in legal briefs are not evidence.  (*Turrieta v. Lyft* (2024) 16 Cal.5th 664, 697 [We do not consider unsupported factual assertions in appellate briefs that have no basis in the record].)

To the extent Serrano identified any theoretical basis for relief, the denial of which would amount to an appealable order, we have exercised our discretion to independently review the record and have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Serrano on this appeal.

## DISPOSITION

We affirm.


RUBIN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.


6